1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8

9  Jeff M. Welch,                      )   No. CV 07-2169 PHX-NVW (CRP)
                                       )
10           Petitioner,               )
                                       )   **ORDER**
11     v.                              )
                                       )
12                                     )
   Dora B. Schriro, et al.,            )
13                                     )
             Respondents.              )
14                                     )
   _____ )
15

16     Pending before the Court is the Report and Recommendation ("R&R") of

17 Magistrate Judge Pyle (Doc. # 10) regarding petitioner's Petition for Writ of Habeas

18 Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 1). The R&R recommends that the

19 Petition be denied. The Magistrate Judge advised the parties that they had ten days to file

20 objections to the R&R. (R&R at 10 (citing 28 U.S.C. § 636(b)). The time to file an

21 objection to the R&R expired on November 30, 2009, and no party has filed an objection.

22     Because the parties did not file objections, the Court need not review any of the

23 Magistrate Judge's determinations on dispositive matters. *See* 28 U.S.C. § 636(b)(1);

24 Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003);

25 *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any

26 review at all . . . of any issue that is not the subject of an objection.").

27     In his Ground I Petitioner argues that his conviction is unconstitutional because

28 A.R.S.§ 13-3553(a) is unconstitutionally overbroad. As to Ground I, the Court agrees

with the Magistrate Judge's determinations, accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

In his Ground II, Petitioner contents that his sentence to 170 years imprisonment for possession of ten images of child pornography in violation of A.R.S.§ 13-3553(a) constitutes cruel and unusual punishment in violation of the Fourteenth and Eighth Amendments of the United States Constitution. Respondents did not respond to this contention, arguing that Petitioner did not adequately present this federal issue in his Rule 32 post-conviction proceedings in the Arizona Superior Court. The R&R recommends finding that the Rule 32 proceedings did adequately present this federal issue but recommends rejection of the cruel and unusual punishment claim on its merits.

The recommendation that Ground II be rejected on the merits is without benefit of briefing from Respondents or focused discussion of the particular facts and circumstances of Petitioner's case. Such circumstances might bear upon the cruel and unusual punishment claim, and they would likely be necessary to an adequate appellate review of Ground II. The Court will therefore call for briefing on Petitioner's Ground II, including:

The nature and circumstances of Petitioner's offenses of conviction in this case.

The nature, circumstances, and times of Petitioner's prior convictions for child molestation, the sentences for them, and the relative wrongfulness of those offenses and these ones.

Where the Arizona minimum and maximum sentences stand in relation to the minimum and maximum sentences for the same offense in other jurisdictions.

Any other facts or matters pertinent to the Fourteenth and Eighth Amendment cruel and unusual punishment claim.

How the facts and circumstances of Petitioner's case should be assessed under the

standard of scrutiny for federal habeas proceedings under 28 U.S.C. § 2254(d).

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge (Doc. # 10) is accepted as to Petitioner's Ground I.

IT IS FURTHER ORDERED that the Report and Recommendation of the Magistrate Judge (Doc. # 10) is rejected as to Ground II, without prejudice to filing the same or a different Report and Recommendation after the briefing required by this order.

IT IS FURTHER ORDERED that Petitioner's Ground II is remanded to the Magistrate Judge for preparation of a further Report and Recommendation. The Magistrate Judge is requested to file a further the Report and Recommendation concerning Ground II by April 30, 2010, if possible, as this Court must conclude all proceedings and enter final judgment in this case by November 7, 2010, to comply with the Civil Justice Reform Act.

IT IS FURTHER ORDERED that Respondents file by January 29, 2010, a brief addressing the questions posed in this order. Petitioner may file a reply by February 26, 2010. These deadlines are subject to amendment by order of the Magistrate Judge.

No judgment shall be entered at this time, and this order is not final or appealable.

DATED this 14th day of December, 2009.

_____
Neil V. Wake
United States District Judge