1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

9  Jeff M. Welch,                           )   No. CV-07-02169 PHX-NVW (CRP)
                                            )
10            Petitioner,                   )
                                            )   **ORDER**
11    v.                                    )   **and**
                                            )   **DENIAL OF CERTIFICATE OF**
12                                          )   **APPEALABILITY**
   Dora B. Schriro, et al.,                 )
13                                          )
              Respondents.                  )
14                                          )
                                            )
15 _____     )

16        Pending before the Court is the Report and Recommendation ("R&R") of Magistrate

17  Judge Pyle (Doc. 29) regarding Jeff M. Welch's Petition for Writ of Habeas Corpus filed

18  pursuant to 28 U.S.C. § 2254 (Doc. 1). Welch timely objected to certain portions of the R&R.

19  (Doc. 30.) This Court has made "a de novo determination of those portions of the report or

20  specified proposed findings or recommendations to which objection [has been] made." 28

21  U.S.C. § 636(b)(1). The Court accepts and adopts the R&R, except as stated below.

22        Welch was convicted in Arizona state court on ten counts of possessing child

23  pornography, corresponding to ten printed images that police found in Welch's home. Each

24  image featured a child younger than 15 years. In such circumstances, Arizona punishes

25  possessing child pornography with a minimum of 10 years and a maximum of 24 years in

26  prison. A.R.S. § 13-705(D). The state court sentenced Welch to 17 years on each count, and

27  as required by Arizona law, directed that those sentences run consecutively. *See* A.R.S. § 13-

28

705(M). Thus, Welch received an aggregate sentence of 170 years for his child pornography offenses.

In a related state court prosecution, a jury convicted Welch of molesting a 4-year-old and a 9-year-old child, for which he received two 35-year sentences. These sentences were informed, in part, by Welch's admission that he had previously molested a 6-year-old child in Tennessee.

Welch first claims that Arizona's child pornography statute is overbroad because it contains no exception for simulated images. The R&R does not address this issue. Rather, the magistrate judge already ruled on this issue in a previous report and recommendation (Doc. 10) and Welch did not object. The Court then accepted the magistrate judge's recommendation as to that issue (Doc. 11). Welch's current objection is not timely, and Welch gives no explanation for his previous failure to object nor reason for this Court to reconsider its previous ruling. The Court therefore finds that Welch has waived this objection.

Welch next claims that his sentence of 17 years for possession of each image, and his aggregate sentence of 170 years, is grossly disproportionate to his crime and thus violates the Eight Amendment's prohibition of cruel and unusual punishment. Considering the narrow federal habeas standard applicable to this case — whether Welch's sentence "was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1) — and given Welch's criminal history, including three instances of child molestation, this Court cannot say that Welch received a grossly disproportionate sentence. *See Ewing v. California*, 538 U.S. 11, 28 (2003) (criminal history relevant to Eighth Amendment disproportionality analysis). The Court therefore finds it unnecessary to reach (and therefore does not adopt the R&R's discussion of) the issues Welch raises regarding Arizona's apparent treatment of each image possessed as a separate offense, which (when coupled with Arizona's consecutive sentencing requirement) may lead to unusually long sentences. Whether Arizona's sentencing scheme might create gross disproportionality for

1   other possessors of child pornography does not inform the analysis for Welch himself.

2        IT IS ORDERED that the Petition for Writ of Habeas Corpus (Doc. 1) is denied.

3        IT IS FURTHER ORDERED that the Clerk enter judgment denying the Petition for

4   Writ of Habeas Corpus (Doc. 1). The Clerk shall terminate this case.

5        IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

6   Probable cause does not exist for the appeal. The applicant has not made a substantial

7   showing of the denial of a constitutional right.

8        DATED this 24th day of September, 2010.

9

10

11        _____
                    Neil V. Wake
12              United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28